IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| PHILIP N. JAAX, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 08-2421-KHV |
| JAYHAWK MARINA, INC., RICK DOE, ) | |
| DOROTHY J. RUSK and SCOTT ROBBINS, ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## **ORDER**

This matter is before the Court on Plaintiff's Motion To Defer Extension Of Time [And For Default Judgment] (Doc. #27) filed October 24, 2008; plaintiff's Motion To Obtain Immediate Possession Of Property (Doc. #30) filed November 3, 2008 and Plaintiff's [Amended] Motions Of Discovery And Petitions Praying For Immediate And Emergency Relief From The Court (Doc. #6) filed September 11, 2008.

**I.     Request For Default Judgment**

Plaintiff seeks default judgment against defendants, but all defendants timely answered his complaint on October 24, 2008.  See Defendants' Answer To Plaintiff's Complaint And Defendant Jayhawk Marina, Inc.'s Counterclaims Against Plaintiff (Doc. #25).  The Court therefore overrules plaintiff's motion for default.[1]

**II.    Request For Immediate Injunctive Relief**

Plaintiff asks the Court to rule on his motion for immediate relief.  Among other things,

---

[1] Plaintiff also asks that the Court order defendants to file their answer by 4:30 p.m., Central Standard Time, on October 24, 2008.  According to the electronic receipt of filing, defendants filed their answer by this deadline.  In any event, the Court overrules plaintiff's motion to expedite defendants' deadline to file an answer.

plaintiff asks the Court to order defendants to immediately deliver his disputed boat and trailer.[2] In a prior order, the Court noted that it would "defer consideration of plaintiff's motions until he obtains service on defendants and they have filed a response or the time to respond has expired." Order (Doc. #17) filed September 19, 2008 at 1. Based on the claims in defendants' answer and counterclaims and the exhibits which are attached to defendants' answer, plaintiff has not shown that he is entitled to immediate possession of the disputed property.

Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal. Schrier v. Univ. of Colo., 427 F.3d 1253, 1258 (10th Cir. 2005). To obtain a preliminary injunction, plaintiff must establish that (1) he will suffer irreparable injury unless the preliminary injunction issues; (2) the threatened injury outweighs whatever damage the proposed preliminary injunction may cause defendants; (3) the preliminary injunction, if issued, will not be adverse to the public interest; and (4) there is a substantial likelihood that he will eventually prevail on the merits of his claims. Heideman v. S. Salt Lake City, 348 F.3d 1182, 1188 (10th Cir. 2003). Based on the present record, plaintiff has not satisfied this standard.

Plaintiff and his boat and trailer do not appear to be at risk of irreparable harm. In and of

---

[2] In the alternative, plaintiff asks the Court to take possession of the boat and trailer and process them as a "crime scene." Doc. #30 at 6; Doc. #6 at 2, 7, 14. Plaintiff also asks the Court to immediately interview, or order law enforcement agents to interview, certain witnesses. Doc. #6 at 6. In a civil action, plaintiff must obtain discovery under the Federal Rules of Civil Procedure. See Rules 26-37, Fed. R. Civ. P. Plaintiff may raise discovery issues at the scheduling conference which is scheduled for December 16, 2008. To the extent plaintiff asserts that law enforcement officers should conduct a criminal investigation, he should notify the appropriate law enforcement agency.

Plaintiff apparently seeks additional forms of relief. See, e.g., Doc. #6 at 12 (for the government to "locate, define formal charges and enact several penalties" for the victims who have fallen prey to pirate defendants); Doc. #6 at 13 (relief from pillaging by pirate defendants and co-conspirators). On the present record, plaintiff has not shown that he is entitled to any such relief.

itself, economic loss does not usually constitute irreparable harm because such losses are compensable by monetary damages. Id. at 1189. A plaintiff suffers irreparable injury when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain. Dominion Video Satellite, Inc. v. Echostar Satellite Corp., 269 F.3d 1149, 1156 (10th Cir. 2001). Plaintiff has not shown that money damages would be inadequate to remedy any harm to his property. In addition, based on the present record, plaintiff has not shown a substantial likelihood of success on the merits of his claims.[3] At a minimum, defendants have potentially meritorious counterclaims which may offset all or some of plaintiff's actual damages. For these reasons, the Court overrules plaintiff's motion for immediate and emergency relief.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Defer Extension Of Time [And For Default Judgment] (Doc. #27) on October 24, 2008 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion To Obtain Immediate Possession Of Property (Doc. #30) filed November 3, 2008 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's [Amended] Motions Of Discovery And Petitions Praying For Immediate And Emergency Relief From The Court (Doc. #6) filed September 11, 2008 be and hereby is **OVERRULED**.

Dated this 18th day of November, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[3] For example, in part under international maritime law, plaintiff claims that a marina in Kansas and its employees committed "piracy" and "treason" by retaining his boat and trailer.